Joseph ALBERT, Plaintiff–Appellant,

v.

Betty MITCHELL; Robert Scott; Maggie Bagley; and John Morrison, Defendants–Appellees.

No. 00–4271.

United States Court of Appeals, Sixth Circuit.

July 22, 2002.

Before SILER and CLAY, Circuit Judges; and OBERDORFER,* District Judge.

PER CURIAM.

Plaintiff Joseph Albert brings suit against Defendants Betty Mitchell, Maggie

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Co-

Bagley, Robert Scott and John Morrison, his superiors at Mansfield Correctional Institution ("MCI"),[1] for allegedly retaliating against him for reports and complaints that he made, in derogation of his First Amendment rights. Albert appeals the dismissal of his complaint for failure to state a claim upon which relief can be granted. We affirm.

During his employment, Albert has been outspoken about several issues regarding the operation of MCI, specifically the following: (1) in April 1999, he reported that Scott was engaged in an affair with a female corrections officer in violation of MCI rules; (2) in June 1999, he expressed to Mitchell, Morrison and Scott concerns about the failure of MCI officials to provide assistance to certain corrections officers in emergency situations; (3) in June 1999, he raised concerns to Mitchell, Morrison and Scott about favoritism and unfairness in the assignments given and overtime opportunities afforded to corrections personnel at MCI; and (4) in January 2000, having received no satisfactory response, he met with the Northeast Regional Director of the Ohio Department of Rehabilitations Corrections, at which time Albert restated his concerns over conditions at MCI and defendants' failure to take appropriate corrective measures. He alleges that in retaliation for these reports and complaints, defendants failed to promote him, permit him to transfer to another institution, and imposed other onerous working conditions upon him, such as unfavorable assignments and denial of overtime. He brought suit against the defendants as state actors under 42 U.S.C. § 1983 for violating his right to be free from retaliation for the expression of his First Amendment rights.

We review *de novo* a district court's decision dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(6). In evaluating a motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff, accepting as true all factual allegations contained in the complaint and determining whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.

Section 1983 creates a federal cause of action to redress violations of federal statutory or constitutional rights by state officials acting under color of law. *Lomaz v. Hennosy,* 151 F.3d 493, 500 (6th Cir.1998). Albert must first prove that defendants violated his rights, namely, his First Amendment right to freedom of expression.

A government employer may not "condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Connick v. Myers,* 461 U.S. 138, 142, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) (citation omitted). Retaliation against a government employee for exercising his First Amendment rights also violates the First Amendment. *Zilich v. Longo,* 34 F.3d 359, 365 (6th Cir.1994). To establish a claim of retaliation for violating his First Amendment rights, a public employee must establish that (1) the speech was about a matter of public concern, (2) his interest in making the statement outweighs the employer's interest in promoting operational efficiency, and (3) the speech at issue was a substantial or motivating factor for the adverse employment action. *See Dambrot v. Central Michigan University,* 55 F.3d 1177, 1182 (6th Cir. 1995). The first and second elements are

lumbia, sitting by designation.

1. Albert is a lieutenant at MCI. Mitchell served as the warden at MCI from January 1998 till February 2000, and Bagley served as warden thereafter. Scott served as a captain at MCI, and Morrison served as a major.

questions of law; the third is a question of fact. *Barnes v. McDowell,* 848 F.2d 725, 733 n. 9 (6th Cir.1988).

The threshold question in these types of cases—and the pivotal question in this case—is whether the employee's speech may be "fairly characterized as a matter of public concern." *Dambrot,* 55 F.3d at 1186. "If [the speech] cannot be fairly characterized as constituting speech on a matter of public concern, it is unnecessary for us to scrutinize the reason for [the adverse employment action]." *Id.*

In determining whether an employee's speech addresses a matter of public concern, a court must be able to "characterize the expression as relating to any matter of political, social or other concern to the community." *Rahn v. Drake,* 31 F.3d 407, 412 (6th Cir.1994). As the Supreme Court pointed out in *Connick:*

> To presume that all matters which transpire within a government office are of public concern would mean that virtually every remark—and certainly every criticism directed at a public official—would plant the seed of a constitutional case. While as a matter of good judgment, public officials should be receptive to constructive criticism offered by their employees, the First Amendment does not require a public office to be run as a roundtable for employee complaints over internal office affairs.

*Connick v. Myers,* 461 U.S. 138, 149, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). In general, speech involves matters of public concern when it involves "issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government." *Brandenburg v. Housing Authority of Irvine,* 253 F.3d 891, 898 (6th Cir.2001) (quoting *McKinley v. City of Eloy,* 705 F.2d 1110, 1114 (9th Cir.1983)). Internal personnel disputes or complaints about an employer's perfor-

mance are not such matters. *Id.; Brown v. City of Trenton,* 867 F.2d 318, 322 (6th Cir.1989).

■ Albert relies upon his speaking out on four occasions to support his claim. It bears little discussion to find his first allegation is not a matter of public concern. That two corrections officers engaged in an affair in violation of department rules, though perhaps appealing to the prurient interest of some members of the public and Albert, does not implicate a matter of public concern. There is no nexus between the breaking of that departmental rule and any detriment to the public welfare. *Cf. Belk v. City of Eldon,* 228 F.3d 872 (8th Cir.2000) (finding nexus in statements by assistant city administrator that city administrator and city employee were having an extramarital affair, and assistant believed employee was receiving benefits to which she was not entitled, rendering it a matter of public concern due to the misuse of public funds). Likewise, Albert's third allegation regarding his personal concerns over his personnel treatment may be of paramount importance to him, but whether one corrections officer receives a promotion, overtime, a valid request for a transfer, or in general is treated fairly does not effect the commonwealth. His fourth allegation is merely the further dissemination of his other gripes higher up the chain of authority within the corrections system.

■ The only remotely viable allegation is his second, that is, that MCI officials failed to provide assistance to certain corrections officers in emergency situations. Nevertheless, though a disturbing allegation that—if true—may demand attention, it does not demand the attention of this forum. Nowhere within that allegation is there mention that this failure may lead to the escape of prisoners, which might in turn be dangerous to the public. Only the personal safety of the correctional officers

in question is at issue. Though society has a certain concern for its fellow man in general and the public servants that protect it in particular, such abstractions do not reach the concrete level of public concern required in this analysis. Otherwise, every complaint about overtime or working conditions by such employees would rise to the level of a matter of public concern.

We might gratuitously add, as the district court found, that the defendants have asserted qualified immunity. Therefore, Albert must not only prove that his rights have been violated but that those specific rights were clearly established. This additional step is unnecessary because the complaint fails on its face, qualified immunity or not. As a matter of law, none of Albert's speech as a public employee was protected in a constitutional sense.

AFFIRMED.